GEORGE B. PROCTOR AND JEAN K. PROCTOR, PETITIONERS, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90311.   Promulgated January 10, 1939.

*Melville F. Weston, Esq.,* for the petitioners.
*Paul E. Waring, Esq.,* for the respondent.

---

[1] The wife is a petitioner only because she was party to the joint returns, and therefore in this report the husband alone will be called petitioner.

**70**

OPINION.

STERNHAGEN: The amounts which went to Wylde and Windeler in 1934 and 1935 by virtue of their individual contracts with Proctor and Wilder have been treated by the Commissioner as if in the first instance they had gone to Proctor and Wilder as their distributive shares of the income of their partnership and then had been used by them to purchase from Wylde and Windeler their rights and interests in intangible property constituting assets of the old partnership which expired in 1929. Cf. *Hill* v. *Commissioner*, 38 Fed. (2d) 165. In his brief the respondent states the issue thus:

> The sole issue involved in this proceeding is whether the sums paid to Wylde in 1934 and to Windeler in 1934 and 1935 were paid by the partnership firm of Patterson, Wylde & Windeler to acquire on behalf of the petitioner and Henry H. Wilder the interests of retiring partners in the "good will" of a prior partnership and therefore such payments should not be deducted from the distributive partnership income of the petitioner and Wilder as partners of Patterson, Wylde & Windeler.

The petitioner contends that the amounts were paid to Wylde and Windeler in either of two possible characters—(1) as their several distributive shares of the partnership income, or (2) as compensation for services contracted to be rendered by them to the partnership; that either character precludes their being regarded as petitioner's "distributive share, whether distributed or not, of the net income of the partnership for the taxable year." Revenue Act of 1934, sec. 182.

The essential problem is not that of finding the correct characterization of the amount as it was received by Wylde and by Windeler, but to determine whether it can properly be called partnership

income which this petitioner may properly be said to have received as his distributive share. We are of opinion that it was not, and that the Commissioner was therefore in error in including it within the petitioner's taxable income. Whether Wylde and Windeler be be treated as partners with petitioner and Wilder, having a 5 percent right in partnership income, or as being merely employed as consultants and advisers with compensation fixed at such 5 percent, it is clear that the amounts to which they were thus entitled were charges upon partnership income before the distributive shares of petitioner and Wilder could be determined. To treat these percentage charges as if they were first distributable to petitioner and Wilder and then as if used by petitioner and Wilder as the consideration for the acquisition of the interests of Wylde and Windeler in the old partnership is not only an artificial conception, but is directly contrary to the fact.

The only justification which can be found for the theory is that the separate agreement made by the new partners with each of Wylde and Windeler ambiguously treats the 5 percent which the latter were each to receive in one place as compensation for services and, in another, as the consideration for the release of all their right in the old partnership's assets. As a matter of fact, it happened that there were no such rights which Wylde and Windeler gave up, because in fact the $10,230.62 which appeared to be the net balance of the old partnership's assets on December 31, 1929, had been shown to be merely a book figure of nonexistent assets when it appeared that $32,450.99 of accounts receivable were worthless. This left only the possible assets of firm name and good will, and both of those had already become rightfully owned by the partnership consisting of Proctor and Wilder. It would be unwarranted, therefore, to resolve the ambiguity of each of the separate contracts by treating the 5 percent as being paid by the petitioners for something of no substance. It can more reasonably be resolved by treating the 5 percent as compensation for the services which Wylde and Windeler were expected to perform and which in fact to some extent they did perform. There is reason to believe that the provision in subdivision fifth of the separate contracts was merely a precautionary provision to avoid possible controversy as to whether Wylde and Windeler or their estates might be entitled to further compensation for an intangible right which they might have retained. Respondent further bolsters his conception of the 5 percent as consideration for Wylde and Windeler's release by pointing to a provision of the contract that in case of the death of either of them in 1930, 1931, or 1932 his estate was to receive 5 percent through 1932. Even if this conception were to be adopted

72

it would still fall short of coloring the payments made after 1932, and would not support a holding to that effect in the taxable years 1934 and 1935. It seems the most reasonable interpretation of the several contracts and the conduct of the parties that what Wylde and Windeler were receiving was compensation for services paid by the partnership to them and constituting, in computing partnership income, a deduction for ordinary and necessary expenses of carrying on the partnership's trade or business, Revenue Act of 1934, secs. 23 (a) and 183.

The reversal of the Commissioner's determination upon this ground makes it unnecessary to decide whether Wylde and Windeler are properly to be regarded as partners with Proctor and Wilder so that the amounts received by them may be said to be their distributive shares of partnership income. Apparently among the four themselves neither Wylde nor Windeler was in a partnership relation. This the agreements were careful to recognize, leaving Proctor and Wilder as the sole partners. There was, however, enough to raise a serious question whether Wylde and Windeler were ostensible partners so as to impose liability upon them at the behest of a third person. Whether this is enough to require the application to them of the partnership provision of the revenue act is a question which need not be decided.

The Commissioner's determination is reversed.

*Decision will be entered under Rule 50.*